# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3252

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
      v.                     *    District Court for the
                             *    District of Minnesota.
Jonathan Jones,              *
                             *         [UNPUBLISHED]
            Appellant.       *

_____

Submitted: June 27, 2012
Filed: July 13, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jonathan Jones appeals the district court's[1] order committing him to the custody of the Attorney General under 18 U.S.C. § 4246, which provides for the hospitalization of a person due for release but found--after a hearing, by clear and convincing evidence--to be suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. To warrant such commitment, the

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

government further needed to establish the absence of suitable state placement, a factor that Mr. Jones does not contest on appeal. Instead, he challenges the causal nexus between his mental disease or defect and his alleged dangerousness.

Following careful review, we conclude that the district court's findings are not clearly erroneous. See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002) (factual finding is clearly erroneous when reviewing court is left with definite and firm conviction that a mistake has been made). In particular, the record establishes that Mr. Jones suffers from mild to moderate mental retardation, an antisocial personality disorder with borderline features, and other potential or provisionally diagnosed disorders; and that he has a long history of dangerous behaviors, both self-injurious and aggressive towards others. In addition, a mental health professional testified at the hearing that it could not be known which of Mr. Jones's behaviors resulted from his personality disorder and which resulted from his mental retardation with its attendant poor problem solving and primitive functioning; and that the synergistic effect of his mental conditions, along with his transmittable medical condition, created the substantial risk of dangerousness. See 18 U.S.C. § 4246(d); Williams, 299 F.3d at 676-77 (commitment upheld where individual suffered from personality disorder with antisocial and narcissistic traits, as well as delusional disorder); United States v. Henley, 8 F. Supp. 2d 503, 503-08 (E.D.N.C. 1998) (antisocial and borderline personality disorders, in combination with impaired ability to control violent behavior, supported finding of mental disease or defect under § 4246).

Accordingly, the judgment is affirmed.

_____